FILED
CLERK, U.S. DISTRICT COURT

08/04/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>TANNER NICHOLAS ZIILCH and<br>JESSE DAVILA VASQUEZ, III,<br><br>　　　　Defendants. | ED CR No. 21-00072(A)-JFW<br><br>F I R S T<br>S U P E R S E D I N G<br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 924(c)(1)(A)(i): Carrying a Firearm During and in Relation to, and Possessing a Firearm in Furtherance of, a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

[DEFENDANT ZIILCH]

On or about January 13, 2021, in San Bernardino County, within the Central District of California, defendant TANNER NICHOLAS ZIILCH knowingly and intentionally possessed with intent to distribute at

least five grams, that is, approximately 13.2 grams, of methamphetamine, a Schedule II controlled substance.

Prior to committing the offense alleged in this Count, defendant ZIILCH had been finally convicted of the following serious violent felonies as that term is defined and used in Title 21, United States Code, Sections 802(58), 841, and 851:

1.   Assault by Means of Force Likely to Produce Great Bodily Injury, in violation of California Penal Code Section 245(a)(4), in in the Superior Court of the State of California, County of San Bernardino, case number FSB1400443, on or about July 6, 2016, for which defendant ZIILCH served a term of imprisonment of more than 12 months.

2.   Assault with Deadly Weapon, in violation of California Penal Code Section 245(a)(1), in the Superior Court of the State of California, County of San Bernardino, case number FSB026260, on or about October 18, 2000, for which defendant ZIILCH served a term of imprisonment of more than 12 months.

COUNT TWO

[18 U.S.C. § 924(c)(1)(A)(i)]

[DEFENDANT ZIILCH]

On or about January 13, 2021, in San Bernardino County, within the Central District of California, defendant TANNER NICHOLAS ZIILCH knowingly carried a firearm, namely, a Lorcin Engineering Company, Inc. model L9, 9mm caliber pistol, bearing serial number L101689, during and in relation to, and possessed that firearm in furtherance of, a drug trafficking crime, namely, possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(viii), as charged in Count One of this First Superseding Indictment.

COUNT THREE

[18 U.S.C. § 922(g)(1)]

[DEFENDANT ZIILCH]

On or about January 13, 2021, in San Bernardino County, within the Central District of California, defendant TANNER NICHOLAS ZIILCH knowingly possessed the following firearm and ammunition, in and affecting interstate and foreign commerce:

(1) a Lorcin Engineering Company, Inc. model L9, 9mm caliber pistol, bearing serial number L101689;

(2) 4 rounds of Winchester 9mm caliber ammunition;

(3) 1 round of Speer 9mm caliber ammunition;

(4) 1 round of Sellier & Bellot 9mm caliber ammunition; and

(5) 1 round of Federal 9mm caliber ammunition.

Defendant ZIILCH possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1) Assault by Means of Force Likely to Produce Great Bodily Injury, in violation of California Penal Code Section 245(a)(4), in the Superior Court of the State of California, County of San Bernardino, Case Number FSB140443, on or about July 6, 2016;

(2) Possession of Firearm by a Felon, in violation of California Penal Code Section 29000(a)(1), in the Superior Court of the State of California, County of San Bernardino, Case Number FSB1501461, on or about July 6, 2016;

(3) Attempted Possession of a Billy, Blackjack, Etc., in violation of California Penal Code Sections 664 and 22210, in the

Superior Court of the State of California, County of San Bernardino, Case Number FSB1501461, on or about July 6, 2016;

(4) Possession of Firearm by a Felon, in violation of California Penal Code Section 12021(a)(1), in the Superior Court of the State of California, County of San Bernardino, Case Number FSB904025, on or about December 22, 2009;

(5) Possession of Firearm by a Felon, in violation of California Penal Code Section 12021(a)(1), in the Superior Court of the State of California, County of San Bernardino, Case Number FSB904025, on or about December 22, 2009;

(6) Possession of Firearm by a Felon, in violation of California Penal Code Section 12021(a)(1), in the Superior Court of the State of California, County of San Bernardino, Case Number FSB904025, on or about December 22, 2009;

(7) Possession of Body Armor, in violation of California Penal Code Section 12370(a), in the Superior Court of the State of California, County of San Bernardino, Case Number FSB904025, on or about December 22, 2009;

(8) Possession of Firearm for the Benefit of, at the Direction of, or in Association with, a Criminal Street Gang, in violation of California Penal Code Section 186.22(b)(1)(A), in the Superior Court of the State of California, County of San Bernardino, Case Number FSB026260, on or about December 22, 2009;

(9) Assault with Deadly Weapon, in violation of California Penal Code Section 245(a)(1), in the Superior Court of the State of California, County of San Bernardino, Case Number FSB026260, on or about October 18, 2000; and

(10) Grand Theft of Personal Property, in violation of California Penal Code Section 487(a), in the Superior Court of the State of California, County of San Bernardino, Case Number FSB 14171, on or about April 17, 1997.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

[DEFENDANT VASQUEZ]

On or about January 13, 2021, in San Bernardino County, within the Central District of California, defendant JESSE DAVILA VASQUEZ, III knowingly and intentionally possessed with intent to distribute at least five grams, that is, approximately 10.9 grams, of methamphetamine, a Schedule II controlled substance.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

[ALL DEFENDANTS]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in either of Counts One (in the case of defendant TANNER NICHOLAS ZIILCH) or Four (in the case of defendant JESSE DAVILA VASQUEZ, III) of this First Superseding Indictment.

2.   The defendants, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.   Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if,

by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

[DEFENDANT ZIILCH]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in Counts Two or Three of this First Superseding Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
_____
Foreperson

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Acting Chief
Riverside Branch Office

PETER DAHLQUIST
Assistant United States Attorney
Riverside Branch Office

11